Lederer Realty Corporation vs. Madeline Pickette, App't. } No. 87480

April 3, 1933.

POULIOT, J. This is an action brought to recover on a promissory note and is before the Court on plaintiff's motion for a new trial after a jury returned a verdict for the defendant.

The issue in the case is: Is the defendant a co-maker or an endorser?

It is agreed between counsel that if she is a co-maker she is liable, and if she is an endorser she is relieved of liability because she was given no notice of dishonor as required by the Negotiable Instruments Act.

It is well settled law in this State that a person who puts his name on a note in the place designated for a co-maker to sign, and there is nothing on the face of the note to indicate a different liability, is held to be a co-maker no matter what his intention was. But does the same rule hold where a party executed an instrument understanding the signature to be an endorsement and

the payee who brings suit, the note not having been negotiated to any other person, recognizes such signature as an endorsement. The plaintiff had brought suit against Mrs. Fitzpatrick for rent and had attached her property. The defendant was requested by telephone to become surety on the bond to release the attachment and consented to do so. While she was on her way to the office of her counsel, where the conference for settlement was being held between plaintiff's counsel and Mrs. Fitzpatrick's counsel and Mrs. Fitzpatrick, other negotiations were carried on and when Mrs. Pickette arrived, it had been agreed that a note should be given instead of a bond. There is a dispute as to whether or not the note had been executed by Mrs. Fitzpatrick before Mrs. Pickette's arrival. Counsel for the plaintiff in the present case testified he explained the note to the defendant and told her that she was liable on it as much as Mrs. Fitzpatrick. The defendant denied this. She stated that she was informed that she was to endorse the note; that she would have to pay it if Mrs. Fitzpatrick didn't, and that the line on which she was to sign as such endorser was pointed out to her, and it turns out now that her signature was placed on the face of the note as a co-maker. Although Mrs. Fitzpatrick defaulted in her payments on the note almost immediately thereafter, no attempt was made at that time to collect from the defendant as co-maker. More than three months later the plaintiff sent defendant a letter asking her to "arrange to see" that the plaintiff receives what is due on the note "you endorsed" for Mrs. Fitzpatrick.

It seems to the Court that equity and good conscience require that the contract entered into should be enforced as both parties understood it to be and that one party be not now permitted, by reason of a legal interpretation of

the status of a signature, to avail himself of that interpretation when the intent of both sides is clearly to the contrary.

Plaintiff's motion for a new trial is denied.

For plaintiff: Herman J. Aisenberg.

For defendant Pickette: John F. Collins.

For defendant Fitzpatrick: Florie DeSimone.